1
2
3
4
5
6
7
8     UNITED STATES DISTRICT COURT

9     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONALD McMAHON; STACI            No.  2:17-cv-2493-TLN-EFB PS
      McMAHON,
12
                Plaintiffs,
13                                      ORDER AND ORDER TO SHOW CAUSE

14          v.

15    NBS DEFAULT SERVICES, LLC;
      WELLS FARGO BANK, N.A.; FIRST
16    AMERICAN TITLE COMPANY;  and
      DOES 1 THROUGH 50, inclusive,
17
                Defendants.
18

19          Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and First American Title Company

20    ("First American") have moved to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil

21    Procedure 12(b)(6).  ECF No. 4, 7.  The motions are currently set for hearing on January 31,

22    2018.  ECF Nos. 7, 9.  Plaintiffs filed an opposition to Wells Fargo's motion (ECF No. 6), but

23    they have not filed an opposition or statement of non-opposition to First American's motion.

24          Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of

25    non-opposition thereto, must be served upon the moving party, and filed with this court, no later

26    than fourteen days preceding the noticed hearing date or, in this instance, by January 17, 2018.

27    Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a

28    motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendants' motions to dismiss (ECF No. 4, 7) is continued to February 21, 2018 at 10:00 a.m. in Courtroom No. 8.

2. Plaintiffs shall show cause, in writing, no later than February 7, 2018, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to First American's motion to dismiss.

3. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than February 7, 2018.

4. Failure to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5. Defendants may file a reply to plaintiffs' opposition, if any, on or before February 14, 2018.

DATED: January 23, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE