| | |
|---|---|
| RONAL McMAHON; STACY McMAHON,<br><br>Plaintiffs,<br><br>v.<br><br>NBS DEFAULT SERVICES, LLC; WELLS FARGO BANK, N.A.; FIRST AMERICAN TITLE COMPANY; and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | No. 2:17-cv-2493-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiffs filed this action in Superior Court of California for the County of Shasta against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), First American Title Company's ("First American"), and NBS Default Services, LLC ("NBS"), alleging state law claims related to defendants' initiation of non-judicial foreclosure proceedings.[1] Wells Fargo removed the case to this court on the basis of diversity jurisdiction.[2] ECF No. 1; *see* 28 U.S.C. §§ 1332, 1441(b).

/////

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] NBS consented to the removal. ECF No. 1-4.

1

Wells Fargo and First American now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (ECF Nos. 4, 7), and defendant NBS has filed a joinder in Wells Fargo's motion (ECF No. 5).[3] Plaintiffs oppose the motions, arguing, among other things, that the court does not have subject matter jurisdiction over this action.[4] ECF No. 6 at 3, ECF No. 11 at 3.

For the reasons explained below, the court agrees that it does not have subject matter jurisdiction over this action. Accordingly, it is recommended that this case be remanded to the Superior Court of California for the County of Shasta. Consequently, the court does not reach the merits of defendants' motions to dismiss.

I. <u>Background</u>

Plaintiffs filed this action in state court on September 21, 2017. Compl. (ECF No. 1-1 at 2-71). The complaint alleges that in 2007, plaintiffs obtained a loan from Wells Fargo in the amount of $417,000 to purchase real property located at 3575 Locust Street, Cottonwood, California (the "property"). *Id.* ¶ 14, Ex. A. The loan was secured by a deed of trust on the property. *Id.* In 2016, plaintiffs obtained a loan modification from Wells Fargo. *Id.* ¶ 15, Ex. B.

On March 14, 2017, NBS was substituted in as trustee under the deed of trust. Id. ¶ 17, Ex. C. Two days later, NBS recorded a notice of default and election to sell under the deed of trust, which reflected that the loan was in arrears by $10,865.45. *Id.* ¶ 18, Ex. D. A notice of trustee sale was subsequently recorded. *Id.* ¶ 19, Ex. E. To date, however, a foreclosure sale has not occurred.

/////

---

[3] The court determined that oral argument would not materially assist in the resolution of the pending motions and the matters were ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

[4] Plaintiffs timely filed an opposition to Wells Fargo's motion, but failed to respond to First American's motion. Accordingly, they were ordered to show cause why sanctions should not be imposed for failure to comply with Local Rule 230(c). Plaintiffs have since filed an opposition, to First American's motion, but failed to respond to the court's order to show cause. Given plaintiffs' pro se status and that they have since responded to the motion, the order to show is discharged and no sanctions are imposed.

The crux of plaintiffs' complaint is that the notice of default and notice of trustee sale are void or otherwise unenforceable because (1) NBS was unlawfully substituted as the trustee, (2) neither the loan servicer nor the lender contacted plaintiffs to explore alternative options to foreclosure in violation of California Civil Code § 2923.5, and (3) the notices do not accurately reflect the amount of plaintiffs' indebtedness. *Id*. ¶¶ 17-19. Plaintiffs also allege that the note and deed of trust were "not properly assigned and/or transferred to Defendants operating the pooled mortgage funds." *Id*. ¶ 23. The complaint purports to allege the following state law claims, styled as: (1) violations of the California Homeowners Bill of Rights; (2) injunctive relief; (3) predatory lending practices; (4) violation of California Business and Professional Code §§ 17200, *et seq*.; (5) constructive fraud; (6) fraud in the concealment; (7) fraud in the inducement; (8) slander of title; (9) quiet title; (10) declaratory relief; and (11) negligence. ECF No. 1-1 at 9-28.

Wells Fargo removed the case to this court on the basis of diversity jurisdiction. ECF No. 1. Shortly thereafter, both Wells Fargo and First American moved to dismiss the complaint pursuant to Rule 12(b)(6) (ECF No. 4, 7), and NBS filed a joinder in Wells Fargo's motion (ECF No. 5). In their oppositions to the motions, plaintiffs argue that the court lacks subject matter jurisdiction. ECF No. 6 at 3, ECF No. 11 at 3. They contend that they only allege state law claims, and that "any conceivable diversity of citizenship argument . . . has been destroyed in that, some if not all of the Defendants resides [sic] and or conduct business in the State of California." *Id*. Wells Fargo and First National both filed a reply to plaintiffs' oppositions, but neither addressed plaintiffs' jurisdiction argument.

II.     Discussion

Although plaintiff has not moved to remand the case, the court is obligated to consider *sua sponte* whether it has subject matter jurisdiction over a case. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (holding that "courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented" that go to subject matter jurisdiction); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction

3

over the category of claim in suit (subject-matter jurisdiction)."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

To invoke the court's diversity jurisdiction, the citizenship of each plaintiff must be different from the citizenship of each defendant and the matter in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Complete diversity must exist at the time of removal. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

According to Wells Fargo's notice of removal, plaintiffs are citizens of California because they reside at and own real property in Cottonwood, California. ECF No. 1 at 2; *see* ECF No. 1-1 at 4. A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent abode, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). According to the complaint, plaintiff purchased property in Cottonwood, California in 2007 and currently reside at the property. ECF No. 1-1 at 1, 6. Plaintiffs also allege that defendants failed to comply with the notice requirements of the California Homeowners' Bill of Rights (*id.* at 10), which applies only to "owner-occupied residential real property" that "is the principal residence of the borrower." Cal. Civ. Code § 2924.15(a). Further, submitted with the notice of removal is a Notification of 2017-2018 Assessed Value Change from the County of Shasta, indicating that plaintiffs made a claim for the $7,000 homeowners' property tax exemption under California Revenue & Tax Code § 218(a). ECF No. 1-1 at 83 (Ex. C). That exemption only applies to real property that is used by its owner as a principal place of residence. Cal. Rev. & Tax Code § 218. Based on these facts, plaintiffs are citizens of California for purposes of diversity.

4

Wells Fargo, as a national bank, "is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014). Wells Fargo's articles of association reflect that its main office is in Sioux Falls, South Dakota. ECF No. 1-1 at 86 (Ex. D). Accordingly, Wells Fargo's citizenship is diverse from plaintiffs.

As for defendant First American, it is a California corporation. ECF No. 1 at 6. For purposes of diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State and foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). Because plaintiffs and First American are citizens of California, complete diversity does not exist. However, Wells Fargo's notice of removal argues that First American should be ignored for purposes of diversity jurisdiction because (1) it is a nominal party and (2) it was fraudulently joined. ECF No. 1 at 6-7.

### A. Nominal Party

"[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "A defendant is a nominal party where his role is limited to that of a stakeholder or depositary." *Hewitt v. Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986); *see also SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (a nominal defendant "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute.").

Wells Fargo contends that First American is a nominal party because it has no financial interest in the subject property and its involvement in the non-judicial foreclosure was strictly ministerial. ECF No. 1 at 5-6. In support of its position, Wells Fargo cites to *Cabriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 WL 761081 (N.D. Cal. Mar. 2, 2010).

In *Cabriales*, the court concluded that the trustee was a nominal defendant because prior to removal it filed a declaration of non-monetary status ("DNS") pursuant to California Civil Code § 2924l. 2010 WL 761081 at *1. That section provides that a trustee under a deed of trust that reasonable believes that it is named in the action solely in its capacity as trustee, and not due

/////

/////

to wrongful acts or omissions in the performance of its duties as trustee, may file a DNS. Cal. Civ. Code § 2924l(a). If no party objects to the DNS within 15 days, the trustee is excused from participating in the case. Cal. Civ. Code § 2924l(d).

The record reflects that NBS, the trustee under the deed of trust, filed a declaration pursuant to section 2924l (ECF No. 1-1 at 78-80), but there is no indication that First American filed a DNS.[5] Furthermore, even if First American had filed a DNS pursuant to California Civil Code § 2924l, that "statute does not render a defendant a sham defendant or a purely nominal party." *Taasan v. JPMorgan Chase Bank, N.A.*, No. 2:18-cv-698-WBS-EFB, 2018 WL 4027016, at *3 (E.D. Cal. Aug. 21, 2018) (citing Cal. Civ. Code § 2924l(e)); *see also Hershcu v. Wells Fargo Bank, N.A.*, No. 12-cv-96 BEN BLM, 2012 WL 439698, at *2 (S.D. Cal. Feb. 10, 2012) ("The citizenship of [defendant] may not be ignored for diversity purposes because it has filed a Declaration of Non-Monetary Status."); *Sublett v. NDEX W., LLC*, No. 11-cv-185, 2011 WL 663745, at *2 (S.D. Cal. Feb. 14, 2011) ("A defendant's declaration of nonmonetary status, which excuses a party from active participation in a case, is not conclusive."); Cal. Civ. Code § 2924l(e) (permitting a party to challenge a DNS even after the expiration of the objection period).

More significantly, First American is not a nominal defendant because the allegations in the complaint demonstrate that it is not merely a stakeholder or depository. A defendant is not a nominal party where the complaint pleads substantive allegations against the defendant and seeks to recover money damages. *Moore v. Wells Fargo Bank*, Civ. No. 16-566 WBS CKD, 2016 WL 3091087, at *5 (E.D. Cal. June 2, 2016); *Raissian v. Quality Loan Service Corp.*, No. CV 14-07969 BRO (AGRx), 2014 WL 6606802, at *4 (C.D. Cal. Nov. 19, 2014). The complaint asserts all causes of action against Wells Fargo, First American, and NBS. With respect to NBS,

---

[5] First American's precise role in the non-foreclosure proceedings is not easily gleaned from the record, but it appears that it was acting as an agent for Wells Fargo and/or NBS. In its motion, First American argues that its "actions, if any, relat[e] to the simple act of assisting in the recording [of] the challenged instruments." ECF No. 7 at 4. Additionally, the company's name appears on plaintiffs' loan modification agreement (ECF No. 1-1 at 50), and First American was the party that requested the recording of the notice of default (*id*. at 66) and notice of trustee's sale (*id*. at 70). Plaintiffs also allege that First American "is the purported agent of the lender and the loan servicer. *Id*. at 5.

plaintiffs specifically allege that it recorded the notice of default with complying with California Civil Code § 2923.5. ECF No. 1-1 at 5, 7, 10. That section prohibits a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent from recording a notice of default until certain requirements are met, including contacting the borrower to explore option to avoid foreclosure. Cal. Civ. Code § 2923.5. Plaintiffs also specifically seek damages against First American. ECF No. 1-1 at 9, 28. "'These and other allegations of the Complaint clearly demonstrate that plaintiffs' claims against [First American] are not merely predicated on its ministerial role . . . .'" *Taasan*, 2018 WL 4027016 at 3 (quoting *Midgette v. Wells Fargo*, No. 17-cv-1526 FMO PJWX, 2017 WL 1380399 (C.D. Cal. Apr. 14, 2017)).

        B.      <u>Fraudulent Joinder</u>

The court is also not persuaded by Wells Fargo's argument that First American is a fraudulently joined defendant. "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's present in the lawsuit is ignored for purposes of determining diversity." *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quotations omitted); *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001). "[T]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009); *see also Hamilton Materials Inv. V. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.") If "there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hunter*, 582 F.3d at 1044 (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)); *see also Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1036 (C.D. Cal. 2012) (to demonstrate fraudulent joinder, the removing party must show that "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff *could not possibly recover* against the party whose joinder is questioned.") (emphasis in original).

Wells Fargo contends that First American is a fraudulently joined defendant because it "has nothing to do with the subject loan." ECF No. 1 at 7. Wells Fargo explains that Fidelity National Title Insurance Company, not First American, was the original trustee under the deed of trust. *Id*. Wells Fargo's position fails to account for the complaint's allegations. Plaintiffs' claims against First American are not predicated on it being the original trustee. As explained above, plaintiffs specifically allege that First American failed to comply with California Civil Code § 2923.5 by recording the notice of default prior to contacting plaintiffs to discuss alternatives to foreclosure. ECF No. 1-1 at 5, 7, 10. Furthermore, the exhibits attached to the complaint indicate that First American was the party that requested the notice of default and notice of trustee sale. *Id*. at 66, 70. In light of the complaint's allegations, the court cannot find that plaintiffs could not possibly state a claim against First American. *See Mireles*, 845 F. Supp. 2d at 1068 (finding that defendant was not fraudulently joined because alleged violation of Cal. Civ. Code § 2923.5 could support UCL claim); *Knott v. Caliber Home Loan, Inc.*, No. CV 15-4752 PA (JPRx), 2015 WL 3932668, at *2 (C.D. Cal. June 26, 2015) ("The standard is not whether a plaintiff will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."). While plaintiffs may ultimately lose on the claim, the court cannot say at this time that there is no possibility of stating a claim against First American.

Wells Fargo further contends that First American is immune from liability for performing statutorily-required actions to facilitate a non-judicial foreclosure pursuant to California Civil Code § 2924. Although First American may ultimately be entitled to qualified immunity, that defense may not be considered in determining whether it is a fraudulent defendant. *Moore*, 2016 WL 3091087 at 6 ("Courts ordinarily do not consider a non-diverse defendant's defenses on the merits in determining whether that defendant's joinder was fraudulent."); *see also Castle v. Bank of Am., N.A.*, Civ. No. 15-1657 GW ASX, 2015 WL 1842726, at *2 (C.D. Cal. Apr. 20, 2015) ("It may be that, on the merits, Plaintiff cannot make out a claim against [defendant], but the Court does not engage in that merits determination simply for purposes of assessing whether subject matter jurisdiction exists.").

/////

Accordingly, Wells Fargo has failed to meet its heavy burden of showing that First American was fraudulently joined as a defendant.

III. Conclusion

Accordingly, it is ORDERED that the order to show cause (ECF No. 10) is discharged and no sanctions are imposed.

Further, it is RECOMMENDED that this action be remanded to the Superior Court of California for the County of Shasta.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE